IIalu, Judge,
 

 delivered the opinion of the Court:
 

 We think the property, in question, is not to be considered profits of the dower lands for the exclusive benefit of the Complainants, but personal property, and to be included in the assets of which the widow is entitled to a share under the statute of distributions. As the widow thought proper to dissent from the will of her husband, (which the law permitted her to do;) and as she has had lands allotted to her for her dower, she can derive no greater benefit from those lands, than she could have done in case her husband had died
 
 intestate;
 
 in which case, the crops growing on the land would have gone to the administrator, and not to the heirs, and would have been considered part of the personal estate of the deceased, of which the widow would have been entitled to a distributive share. So in the present case, the crops are
 
 *150
 
 |0 t,e considered part of the personal estate of Lemuel Hatch, and consequently are to be brought into view by the executor in the settlement which shall take place un-the statute of distributions between him and the Complainants.